MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6962
   FAX: (415) 436-6748
   melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>    Defendant. | No. C-10-1680 CRB<br><br>**STIPULATION AND [PROPOSED] ORDER APPROVING SETTLEMENT AND DISMISSAL OF PLAINTIFF'S CLAIMS** |

     Plaintiff American Small Business League ("Plaintiff") and the defendant, United States Department of Energy ("Defendant"), through their undersigned counsel, enter into this Settlement in order to fully resolve this litigation and Plaintiff's claim for attorneys' fees, expenses, and costs generated in connection with this litigation.

     The parties agree as follows:

     1.    Defendant will pay to Plaintiff, by means of check made payable to American Small Business League, the amount of $3,050.00 to cover attorneys' fees, expenses and costs of all counsel pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E). This payment is full and final payment for all attorneys' fees, expenses and costs. This payment is inclusive of any interest. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's

counsel based on payment of the settlement sum as set forth herein, Plaintiff and its counsel shall be solely responsible for paying any such liability.

2. No later than three business days after the date that the Court approves this Stipulation, Plaintiff's counsel will provide to Defendant the banking information and Tax I.D. number(s) required by Defendant to process and cause payment to be made to Plaintiff. Defendant agrees to make all reasonable efforts to process and cause payment to be made to Plaintiff as soon as possible.

3. Contingent upon receipt of payment pursuant to Paragraph 1 above, Plaintiff hereby (a) releases Defendant from any past, present or future claims for attorneys' fees, expenses or costs in connection with this litigation and (b) dismisses with prejudice this litigation and all claims against Defendant relating to the FOIA request at issue in this litigation. Further, Plaintiff releases and forever discharges the Defendant, any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the processing of or the decisions relating to the FOIA requests at issue in this action styled American Small Business League v. United States Department of Energy, U.S. District Court for Northern District of California, Case No. C-10-1680 CRB.

4. The Court shall retain jurisdiction regarding enforcement of this agreement.

5. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

6. No party is making an admission of liability or fault to any other party and nothing in this Stipulation shall be construed as an admission of liability or fault.

7. This Stipulation may be pled as a full and complete defense to any action or other proceeding in which any party seeks attorneys' fees, expenses or costs generated in this litigation.

8. Plaintiff and its current counsel expressly agree that neither it nor any of its

current or former attorneys may make any claim for attorneys' fees, expenses or costs generated in this litigation against Defendant, the United States, their agents, servants or employees.

9. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

10. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

11. The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

12. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Respectfully submitted,

DATED: September 10, 2010         By:      /s/
                                  ROBERT BELSHAW
                                  Attorney for Plaintiff


                                  MELINDA HAAG
                                  United States Attorney

DATED: September 10, 2010         By:      /s/
                                  MELISSA K. BROWN
                                  Assistant United States Attorney
                                  Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

DATED: September 15, 2010         _____
                                  HON. CHARLES R. BREYER
                                  United States District Judge

*IT IS SO ORDERED* — Judge Charles R. Breyer